## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CONNIE SIMPSON,**

      **Plaintiff,**

**CASE NO.:**

vs.

**GALEN OF FLORIDA, INC. d/b/a**
**ST. PETERSBURG GENERAL HOSPITAL,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, CONNIE SIMPSON, hereinafter referred to as "PLAINTIFF" by and through her undersigned counsel, and sues the Defendant, GALEN OF FLORIDA, INC. d/b/a ST. PETERSBURG GENERAL HOSPITAL hereinafter referred to as "DEFENDANT" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

## PARTIES

3. At all times material herein, Plaintiff was and is resident of Pinellas County, Florida.

4. Defendant is a Florida corporation, authorized and doing business in Pinellas County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. Plaintiff then received a Notice of Right to Sue from the EEOC.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with Defendant as a Surgical Floor Nurse in 1984.

11. Plaintiff was promoted throughout her career and held the position of Critical Care Nurse for the past 15 years.

12. Plaintiff is sixty-eight years old.

13. Plaintiff is a qualified individual with a disability.

14. In January of 2020, Plaintiff was diagnosed with a disability as defined by the ADAAA.

15. Plaintiff underwent surgery and treatment that required her to use short term disability.

16. Plaintiff was off of work from March 2020 until June 1, 2020.

17. Upon returning to work, Plaintiff experienced hostile treatment and increased supervision from the surgical Nursing Director, Kinetta Evans and Plaintiff felt as though she was being retaliated against for the first time in her career.

18. Prior to her diagnosis, Plaintiff had an exemplary work record.

19. Upon returning to work after utilizing short term disability, Ms. Evans and Joanne Cattell wrote Plaintiff up for caring for her brother when he was in the emergency room.

20. Plaintiff simply checked her brother's blood sugar levels, but Defendant terminated her employment a month later, on November 5, 2020, for that.

21. Defendant has a progressive disciplinary policy, but did not follow its own policy.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

22. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

23. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

24. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

25. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability.

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e.    Punitive damages;

    f.    Pecuniary and non-pecuniary losses;

    g.    Attorney's fees and costs; and

    h.    For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

27. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

28. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

29. The above described acts constitute retaliation, in violation of the ADAAA.

30. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Attorney's fees and costs; and

      g.      For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

31. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

32. As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*, *Florida Statutes.*

33. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

  e. Punitive Damages

  f. Pecuniary and non-pecuniary losses;

  g. Attorney's fees and costs; and

  h. For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

35. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

36. As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

37. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and retaliated against Plaintiff because of her disability and/or perceived disability.

38. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages, including damages for mental

  anguish, loss of dignity, and other intangible injuries;

  e. Punitive Damages

  f. Pecuniary and non-pecuniary losses;

  g. Attorney's fees and costs; and

  h. For any other relief this Court deems just and equitable.

## COUNT V
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

39. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

40. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act.

41. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

42. Defendant knew, or should have known of the discrimination.

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

      d.      Liquidated damages;

      e.      Injunctive relief;

      f.      Costs and attorney's fees;

      g.      For any other relief this Court deems just and equitable.

## COUNT VI
## **RETALIATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

44.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

45.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Age Discrimination in Employment Act.

46.    The above described acts of retaliation constitute a violation of The Age Discrimination in Employment Act for which Defendant is liable.

47.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages;

      e.      Pecuniary and non-pecuniary losses;

      f.      Costs and attorney's fees;

    g.    Punitive damages; and

    h.    For any other relief this Court deems just and equitable.

## COUNT VII
## FCRA- AGE DISCRIMINATION

48. Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

49. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

50. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

51. Defendant knew, or should have known of the discrimination.

52. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages;

    e.    Punitive damages;

    f.    Costs and Attorneys' Fees;

    g.    Injunctive relief;

    h.       For any other relief this Court deems just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT – RETALIATION

53.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 21 as if set out in full hereafter.

54.    Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed age discrimination in the workplace.

55.    The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

56.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for back pay and benefits, front pay and benefits, compensatory damages, punitive damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

**DATED** this 3rd day of March 2022.

                                                  FLORIN GRAY BOUZAS OWENS, LLC

                                                /s/Hunter A. Higdon

HUNTER A. HIGDON
Florida Bar No.: 85963
hhidgon@fgbolaw.com
WOLFGANG M. FLORIN, ESQUIRE
Florida Bar No.: 907804
wflorin@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff